IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Susan O. Smith,<br><br>        Plaintiff,<br><br>v.<br><br>Lexington County and Walter McPherson, *individually*,<br><br>        Defendants. | Case No.: 3:20-cv-03217-SAL<br><br>**OPINION AND ORDER** |

This matter is before the Court on a motion to dismiss for failure to state a claim filed by Defendant Walter McPherson. [ECF No. 9]. Plaintiff filed a response in opposition, ECF No. 11, and Defendant McPherson replied, ECF No. 12. The motion to dismiss, ECF No. 9, is therefore ripe for ruling. For the reasons set forth below, Defendant McPherson's motion to dismiss is granted.

## BACKGROUND

The following is a summary of the factual background of events as alleged in Plaintiff's complaint, ECF No. 1. Plaintiff, Susan O. Smith, is a Lexington County resident and property owner. Plaintiff obtained legal title to real property located at 146 Gus Sturkie Road, Swansea, SC 29160 on September 7, 2018. The 146 Gus Sturkie Road property is adjacent to 2040 Pine Plain Road, Swansea, SC 29160. After Plaintiff obtained legal title to the 146 Gus Sturkie Road property, Panteao Productions, LLC ("Panteao") purchased the 2040 Plain Road property.

Panteao operates a military-style gun range on the 2040 Plain Road property. The gun range is open to the public, and its operations have expanded since Panteao took ownership of the property. The operations of the gun range were unsafe and exposed Plaintiff to a substantial and

1

ongoing risk of harm. Plaintiff recovered hundreds of bullets from her property that she believes escaped from the gun range. On one occasion, Plaintiff had to shield herself from a flying bullet from Panteao's property by hiding behind a tree. Bullets were also recovered from a public street traversed by young schoolchildren near Plaintiff's property. Plaintiff constantly feared that she would be struck by a bullet from the range. These issues with the gun range allegedly caused Plaintiff to suffer a diminution in property value, emotional distress, the loss of enjoyment of life and property, attorney's fees, costs, and other damages.

The Defendants in this action are Lexington County and Walter McPherson. Walter McPherson is the zoning administrator for Lexington County. Defendants approved Panteao's zoning applications and authorized the gun range's expanded operations. Defendants allegedly approved the zoning applications without inquiry into the safety concerns posed by the operations. Further, Defendants did not require Panteao or its predecessor to submit a plan from a qualified professional to establish that the proposed gun range activities would fall within the applicable ordinances or be safe for the residents on the surrounding properties.

Plaintiff and other neighboring property owners complained about the use of the Panteao property. In response, Defendant McPherson stated, "it appears there may be a safety issue with this one." Despite this statement, Defendants never filed for injunctive relief against Panteao, never required a safety plan from a qualified professional, never threatened to restrict operations, and otherwise failed to address the safety concerns. Instead, Defendants approved expanded operations and "emboldened" Panteao in its "unfettered and unsafe activities."

In the complaint, Plaintiff alleges two causes of action. The first is a claim under 42 U.S.C. § 1983 against both Defendants for violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff alleges Defendants'

2

conduct amounts to a state-created danger which deprived her of her liberty and use of her property without due process of law.  The second cause of action is an allegation of gross negligence.  The second cause of action pertains only to Lexington County, not Defendant McPherson.  [ECF No. 11, p.8] (". . . Plaintiff never asserted a gross negligence claim against Defendant McPherson individually. ").  The motion to dismiss is Defendant McPherson's, so the Court will analyze only the state-created danger claim against McPherson in his individual capacity.

## LEGAL STANDARD

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint[.]" *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir. 2005); *Ashcroft,* 556 U.S. at 662 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  However, the court is not required to accept Plaintiff's legal conclusions as true.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("[F]or purposes of Rule 12(b)(6), we are not required to accept as true the legal conclusions set forth in a plaintiff's complaint.").

# DISCUSSION

The claim against Defendant McPherson arises under 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under section 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that Defendant McPherson violated Plaintiff's rights conferred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

"As a general matter . . . a State's failure to protect an individual against private [harm] simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. of Dep't of Soc. Servs.,* 489 U.S. 189, 197 (1989). There are, however, two limited exceptions. *Robinson v. Lioi*, 536 F. App'x 340, 342 (4th Cir. 2013). One such exception is where the state creates or enhances the danger. *Id.* The other exception arises when an individual and the state have a special relationship such that the state has an affirmative duty to protect the individual from harm inflicted by third parties. *Id.* at n.2. This "special relationship" exception arises in a custodial context because "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Id.* In this case, Plaintiff does not allege a custodial relationship, so the due process claim must fall under the first exception: an allegation that the state created or enhanced a danger of harm.

When the state itself creates the dangerous situation that resulted in a victim's injury . . . the state is not merely accused of a failure to act; it becomes much more akin to an actor itself directly causing harm to the injured party. *Pinder v. Johnson*, 54 F.3d 1169, 1177 (4th Cir. 1995). The state-created danger doctrine is a narrow exception to the general rule that state actors are not liable for harm caused by third parties. *Doe v. Rosa*, 795 F.3d 429, 437 (4th Cir. 2015). "It only applies when the state affirmatively acts to create or increase the risk that resulted in the victim's injury." *Graves v. Lioi*, 930 F.3d 307, 319 (4th Cir. 2019), *cert. denied sub nom. Robinson v. Lioi*, 140 S. Ct. 1118 (2020). "Specifically, 'a plaintiff must show that the state actor created or increased the risk of private danger, and did so directly through affirmative acts, not merely through inaction or omission.'" *Id.* (quoting *Doe*, 795 F.3d at 439).

"The doctrine's conception of an affirmative act is also quite limited: '[i]t cannot be that the state commits an affirmative act or creates a danger every time it does anything that makes injury at the hands of a third party more likely.'" *Graves*, 930 F.3d at 319 (quoting *Pinder*, 54 F.3d at 1175). "This narrowly confines the scope of qualifying 'affirmative acts' to those that directly create or increase, i.e., cause, the risk a third party posed to the victim." *Graves*, 930 F.3d at 319–20. A downstream, but-for connection between the state's conduct and alleged harm stretches the concept of "affirmative acts" too far to support a state-created danger claim. *Id.* at 323. The Fourth Circuit has repeatedly cautioned that courts should "resist the temptation" to accept plaintiffs' attempts to "artfully recharacterize" inaction as action. *Id.* at 327; *Pinder*, 54 F.3d at 1176.

In *Pinder*, the United States Court of Appeals for the Fourth Circuit held that a plaintiff brought "purely an omission claim" when she argued that a police officer had affirmatively acted to enhance the danger posed by her ex-boyfriend when the officer reassured her that the ex-boyfriend would be locked up overnight, but then decided to charge the ex-boyfriend with less serious

5

offenses that resulted in his immediate release. 54 F.3d at 1172, 1176. That decision allowed the ex-boyfriend to return to the plaintiff's home and set it on fire, resulting in the death of the plaintiff's three children. *Id.* at 1172. Analyzing the state-created danger claim, the court explained that "[n]o amount of semantics can disguise the fact that the real 'affirmative act' here was committed by" the ex-boyfriend, not by the officer. *Id.* at 1175. "[T]he state did not 'create' the danger, it simply failed to provide adequate protection from it," meaning that, at most, the state actors "stood by and did nothing when suspicious circumstances dictated a more active role." *Id.* (internal quotation marks omitted). The Court held that the officer's conduct could not support a claim under the state-created danger doctrine.

Here, like the plaintiff in *Pinder*, Plaintiff fails to allege an affirmative act that can support a state-created danger claim. Plaintiff argues that this case is distinguishable from an omission claim because Defendants' affirmative approval of unsafe gun range operations left Plaintiff in the line of fire. [ECF No. 11, p.5]. However, like the plaintiff in *Pinder*, Plaintiff attempts to "artfully recharacterize" inaction as action. Most revealing of this fact is Plaintiff's description of the alleged deficiencies with the zoning decisions. Plaintiff alleges that the Defendants failed to file for injunctive relief, failed to require a safety plan from a qualified professional, failed to restrict operations, and failed to address the hazardous conditions sufficiently. Failures to provide adequate protection do not constitute affirmative acts. Plaintiff argues that complaints about the range from her and her neighbors gave the Defendants actual notice of a danger posed by the gun range. *Id.* at 4. Plaintiff also notes that Defendant McPherson allegedly acknowledged the gun range posed a safety issue to the surrounding homeowners. However, as the *Pinder* decision made clear, warnings and notice do not support a state-created danger claim. Plaintiff argues that the uninformed zoning decisions exacerbated the danger the gun range posed. But such an argument

6

is exactly the type of downstream, but-for connection between the state's conduct and alleged harm that stretches the concept of "affirmative acts" too far to support a state-created danger claim. Defendant McPherson's approval of zoning applications for a gun range that allegedly caused harm to neighboring properties is not "akin to an actor itself directly causing harm to the injured party." The act of approving zoning applications is too attenuated from the harm alleged. As was the case in *Pinder*, no amount of semantics can disguise the fact that the only "affirmative acts" causing alleged harm are those by the gun range, not Defendant McPherson. Because Plaintiff fails to allege an "affirmative act" sufficient to support a state-created danger claim, the complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.

## CONCLUSION

For the reasons set forth above, Defendant McPherson's motion to dismiss for failure to state a claim, ECF No. 9, is GRANTED. The only claim against Defendant McPherson is DISMISSED WITH PREJUDICE. Defendant McPherson is therefore DISMISSED WITH PREJUDICE from this action.

IT IS SO ORDERED.

August 11, 2021　　　　　　　　　　　　　　　　/s/Sherri A. Lydon
Florence, South Carolina　　　　　　　　　　　Sherri A. Lydon
　　　　　　　　　　　　　　　　　　　　　　United States District Judge